# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:**<br><br>LYNETTE LONG,<br><br>**Debtor.** | **Bankruptcy Case**<br>**No. 05-42888** |

_____

| | |
|---|---|
| GARY L. RAINSDON, Trustee,<br><br>**Plaintiff,**<br><br>vs.<br><br>LYNETTE LONG and JEWELL TEETER,<br><br>**Defendants.** | **Adv. Proceeding No. 06-8080** |

_____

## MEMORANDUM OF DECISION

_____

Lane V. Erickson, RACINE, OLSON, NYE, BUDGE & BAILEY, Pocatello, Idaho, Attorney for Plaintiff.

A. Elizabeth Burr-Jones, Burley, Idaho, Attorney for Defendants.

MEMORANDUM OF DECISION - 1

*Introduction*

In this adversary proceeding, chapter 7 trustee Gary L. Rainsdon ("Plaintiff") alleges that a vehicle in the possession of Defendant chapter 7 debtor Lynette Long ("Debtor") is property of the bankruptcy estate, and should be turned over to him for liquidation. Debtor denies she owns the automobile, and instead contends it was purchased, and at all times was owned by, Defendant Jewel Teeter ("Teeter"), Debtor's mother.

The Court conducted a trial at which the parties appeared and presented evidence, testimony and argument. After due consideration of the parties' submissions, as well as the applicable law, this case is ripe for decision. This Memorandum disposes of the issues raised in the adversary proceeding and constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.[1]

*Findings of Fact*

On October 12, 2005, Debtor filed a voluntary chapter 7 bankruptcy petition. In her schedules, Debtor does not list ownership of a vehicle or an auto

---

[1] All section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat. 23 (Apr. 20, 2005), because Debtor's bankruptcy case was commenced on October 12, 2005, prior to BAPCPA's effective date of October 17, 2005.

MEMORANDUM OF DECISION - 2

loan, nor does she claim an exemption for a vehicle. Docket No. 1, 11; Ex. 1. However, in her list of monthly expenses on Schedule J, she does list a $170 payment denoted "Loan Payment to Jewel." *Id.* Plaintiff inquired of Debtor concerning the nature of this payment and discovered that the "Jewel" referred to on Schedule J is Jewel Teeter, Debtor's mother. Additionally, Plaintiff learned that in 2004, Teeter purchased a 1998 Mercury Sable, which was in Debtor's possession, and the payments for which were being made by Debtor directly to the credit union listed as the sole lienholder on the vehicle's certificate of title. Ex. A.

As a result, Plaintiff filed the Complaint commencing this action, alleging that Teeter essentially purchased the vehicle on behalf of Debtor, and that when the full purchase price was paid, Teeter would convey the title to Debtor. In the interim, Plaintiff alleges that Teeter retained the title certificate in her name as a security interest. Plaintiff contends that such title retention did not create a perfected security interest under Idaho law, and is therefore avoidable under § 544.[2] Plaintiff seeks to recover the vehicle and sell it as an asset of Debtor's bankruptcy estate.

---

[2] Plaintiff did not allege that the payments made by Debtor to the credit union constituted avoidable preferences to Teeter under § 547(b). His tardy attempt to amend the pleadings to add such a claim to conform to the evidence presented during trial via a Rule 7015(b) motion was denied.

MEMORANDUM OF DECISION - 3

Debtor and Teeter contend that Debtor is merely using the vehicle, and in return, she makes the payments due to the credit union. They argue that Debtor has acquired no rights in the car, and that as soon as she is financially able to purchase a car for herself, she will then return the Sable to Teeter. Hence, they contend that Teeter is not a lienholder, but instead owns the car, and thus the vehicle is not property of the estate.

### *Conclusions of Law*

#### I. Failure to Admit or Deny

Plaintiff argues that Debtor failed to either admit or deny paragraphs 11-19 of the Complaint, and therefore the allegations contained therein ought to be deemed admitted. Plaintiff relies on Fed. R. Bankr. P. 7008 which incorporates Fed. R. Civ. P. 8, as support for his argument. Rule 8(d) provides:

> (d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

Fed. R. Civ. P. 8(d). However, the Court notes that Rule 8(b) is also applicable here, and resolves this issue. Rule 8(b) provides, in pertinent part:

> (b) Defenses; Form of Denials. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments

MEMORANDUM OF DECISION - 4

> upon which the adverse party relies. . . . *Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits*; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed. R. Civ. P. 8 (emphasis supplied).

While Debtor's and Teeter's Answer containing only four single-sentence paragraphs is certainly succinct, in it they have adequately denied the allegations contained in paragraphs 11-19 of the Complaint.  Specifically, in the first paragraph, Debtor and Teeter state that "Defendants deny each and every allegation contained in the Plaintiff's Complaint unless specifically admitted herein."  The Answer then provides that the allegations of certain paragraphs of the Complaint are admitted, while others are specifically denied.  However, the general denial contained in the first paragraph meets the liberal denial requirements of Rule 8.  Therefore, Plaintiff's argument that Debtor and Teeter have admitted the critical allegations of Plaintiff's Complaint lacks merit.

MEMORANDUM OF DECISION - 5

II. Ownership of Vehicle and Lien Avoidance

Under § 541(a), upon commencement of a bankruptcy case, an estate is created which includes, among other things, "all legal or equitable interests of the debtor in property . . . ." Any interest Debtor had in the vehicle that is the subject of this contest became property of her bankruptcy estate when she filed her bankruptcy petition. Any entity in possession of estate property must turn over possession to the chapter 7 trustee. 11 U.S.C. § 542(a). If Debtor owned an interest in the car, she is obliged to turn it over to Plaintiff.

Moreover, if Teeter does not own the vehicle, but instead was merely retaining the title to the car until Debtor paid off the credit union's loan, her interest in the vehicle is likely vulnerable to Plaintiff's claims. This is because under § 544(a), a bankruptcy trustee may avoid a lien which has not been properly perfected under state law. Often referred to as the "strong-arm clause," this provision grants a bankruptcy trustee "the status of a creditor with a judicial lien on all property on which a creditor could have obtained a judicial lien, whether or not such a creditor actually exists . . . . The rights of the trustee as the hypothetical judicial lien creditor are determined by state law." *Hopkins v. Cummins (In re Mason)*, 06.2 I.B.C.R. 17, 18-19 (Bankr. D. Idaho 2006) (quoting *Hopkins v. Gutknecht (In re Lewis)*, 04.3 I.B.C.R. 133, 135 (Bankr. D. Idaho 2004)

MEMORANDUM OF DECISION - 6

(additional citations omitted)); *First T.D. & Inv., Inc. v. Chang (In re First T.D. & Inv., Inc.)* 253 F.3d 520, 526 (9th Cir. 2001).

In order to avoid a lien, it is axiomatic that the trustee, as a hypothetical lien creditor, must first demonstrate that the property in fact belongs to the debtor. Hence, the burden is on Plaintiff to prove that Teeter purchased the vehicle with the intent that it be Debtor's car. If he is successful in carrying this burden, Plaintiff must then show that this was no mere rental or use arrangement, and that Teeter's retention of title was merely intended as security to protect Teeter's interests in the car. Plaintiff has not satisfied his burden of proof.

At trial, Plaintiff submitted scanty evidence to demonstrate Debtor's ownership interest. First, Schedule J lists a "Loan Payment to Jewel" for $170 per month. Ex. 1. Upon further inquiry into the nature of this loan, Plaintiff received a handwritten note from Teeter, which states:

> Lynette Long [Debtor] pays
> me $160.00 a month.
> She started in Sept '04
> til [sic] now.
> $110.00 car payment
> $50.00 card payment
> Jewel Johnson Teeter

Ex. 2. Plaintiff testified that he interprets the $170 payment listed in Schedule J, and Teeter's explanation which provided for a $160 payment in Exhibit 2 to be, in

MEMORANDUM OF DECISION - 7

fact, the same payment, despite the discrepancy in amount. Thus, to Plaintiff, it appears Debtor has been making a car payment of $110 per month from September 2004 until the present.

Furthermore, it is evident that Debtor paid nearly every payment due on the vehicle from the time of the initial purchase, with the exception of the first several months. She made those payments directly to the credit union rather than to Teeter. During all that time, Debtor has retained the vehicle in her possession.

The Court acknowledges the circumstances presented here could support Plaintiff's interpretation. After all, Debtor received possession of the vehicle and began making payments directly to the credit union that financed the purchase, and in fact paid all payments except the first few. Further, Teeter and Debtor are mother and daughter, and it is understandable that a parent would assist a child with such a basic need as transportation, when a vehicle is necessary in order for the child to work, get on her feet financially, and reestablish her credit.

However, there is no direct evidence which demonstrates that Debtor has an ownership interest in the car. Rather, Teeter testified that she purchased the Sable and used the car initially after the purchase. She then allowed Debtor to take the vehicle to use to get to work, on the condition that Debtor make the credit

MEMORANDUM OF DECISION - 8

union loan payments and maintain insurance on the vehicle. This occurred shortly after Debtor's vehicle was repossessed and she filed her bankruptcy petition.

Teeter further testified that no agreement exists giving Debtor any ownership interest in the car, that Teeter is the registered owner, and as the record evidences, the certificate of title lists her as the owner. Teeter testified that while she is allowing Debtor to drive the Sable, Teeter retains all rights in the car, has the right to demand its return at any time, and that Debtor has no right to sell the vehicle or use it as a trade-in on a different vehicle. Additionally, now that the credit union has been paid off, Teeter testified that she has received a new title which indicates no lienholders, and that she has no intention of transferring that title to Debtor.[3]

Debtor's testimony corroborated that of Teeter. She testified that Teeter made a few months' payments before Debtor asked her if she could use the car. Teeter also testified that there is no agreement that Debtor will ever own the vehicle. The $110 payment allowed her to have a reliable car to drive to work. She testified it is her intention to use the vehicle until she can get back on her feet

---

[3] The new title certificate is not a part of the record in this case.

MEMORANDUM OF DECISION - 9

financially, and at that time she will give it back, buy her own car and reestablish her credit.[4]

In resolving the possible conclusions to be taken from the testimony in this case, Idaho law provides some guidance. "Idaho's motor vehicle titling law 'expresses a legislative policy that a motor vehicle may be owned by only one person at any one time – the party whose name appears on the official certificate issued by the State.'" *In re Mason*, 06.2 I.B.C.R. at 19 (quoting *Hopkins v. Shradley (In re Shradley)*, 03.1 I.B.C.R. 7, 8 (Bankr. D. Idaho 2003)). This policy supports the conclusion that the vehicle in fact is owned by Teeter, as only her name appears on the certificate of title.

These facts and other considerations, taken together, persuade the Court to conclude that Plaintiff has not met his burden to demonstrate that Debtor held any ownership rights in the vehicle. Rather, the evidence at trial proves only that Debtor was the beneficiary of a rather informal use/lease arrangement. Having no ownership interest in the vehicle, it cannot properly be considered property of Debtor's bankruptcy estate. As such, Plaintiff cannot avoid Teeter's

---

[4] During trial, Debtor was asked whether she continued to make payments now that the vehicle was paid off, to which she answered, "I paid the last payment last month, my mother just told me." There were no further questions nor clarification about the current terms of use for the vehicle. As such, the Court is left with the inference that Debtor currently pays nothing for the use of the car.

MEMORANDUM OF DECISION - 10

interest in the vehicle, nor can he require that it be turned over to him for liquidation.

## *Conclusion*

The Court concludes that Plaintiff has not met his burden to prove that Debtor had an ownership interest in the Sable when she filed her bankruptcy petition, such that it may be considered property of her bankruptcy estate. Accordingly, Plaintiff is entitled to no relief under his complaint, and this action will be dismissed.

A separate judgment will be entered.

Dated: May 21, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge